**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PHH MORTGAGE CORPORATION** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-229** |
| **IRENE M. ROSAS** | § | |
| | § | |
| *Defendant.* | § | |

---

**IRENE M. ROSAS' ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIMS**

---

Comes Now Defendant, Irene M. Rosas ("Rosas"), and files this Original Answer to PHH Mortgage Corporation's ("Plaintiff") Original Complaint and Original Counterclaims, and would show the court:

**I. Specific Denials[1]**

1.     Rosas lacks sufficient information to admit or deny.

2.     Admit.

3.     Admit.

4.     Admit.

5.     Admit.

6.     Rosas lacks sufficient information to admit or deny.

---

[1] The paragraph numbers in this section correspond to the paragraph numbers in the Original Complaint.

7.      Rosas lacks sufficient information to admit or deny that Plaintiff is a corporation. Rosas lacks sufficient information to admit or deny that PHH is a citizen of New Jersey.

8.      Admit.

9.      There are no allegations to admit or deny.

10.     There are no allegations to admit or deny.

11.     There are no allegations to admit or deny.

12.     Rosas lacks sufficient information to admit or deny.

13.     Admit.

14.     Admit that Concurrently with the Note, Borrowers executed a Homestead Lien Contract.  Deny that such document granted a security interest in the Property. Admit that the Homestead Lien Contract was recorded in the Official Public Records of Harris County, Texas at Instrument Number 20110165143.

15.     Rosas lacks sufficient information to admit or deny.

16.     Rosas lacks sufficient information to admit or deny.

17.     Admit that under the terms of the Note, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. Deny the same with regard to the Homestead Lien Contract.

18.     Admit as to what the Note and Security Instrument further provide, but deny Plaintiff has the right to foreclose.

19.     Deny all.

20.     Deny all.

21.    There are no allegations to admit or deny.

22.    There are no allegations to admit or deny.

23.    Deny that Plaintiff is entitled to a declaration from this Court that Comerica Bank is the owner and holder of the Note and beneficiary of the Security Instrument. Deny that Plaintiff is entitled to a declaration from this Court that Plaintiff is a mortgagee as that term is defined under Texas Property Code§ 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

24.    There are no allegations to admit or deny.

25.    Deny all.

26.    Deny all.

27.    There are no allegations to admit or deny.

28.    Deny all.

29.    There are no allegations to admit or deny.

30.    Deny all.

31.    There are no allegations to admit or deny.

32.    Deny all.

33.    Deny all.

34.    There are no allegations to admit or deny.

35.    Deny all.

36.    There are no allegations to admit or deny.

37.    Deny all.

38.    Deny all.

## II. <u>Defenses and Avoidance</u>

1.      Plaintiff's claims are barred, in whole or in part, by the following affirmative defenses:

2.      The damages alleged by Plaintiff, which Rosas denies, are reduced or eliminated by the doctrine of offset.

3.      The damages alleged by Plaintiff, which Rosas denies, are reduced or eliminated by the doctrine of failure to mitigate.

4.      The damages alleged by Plaintiff, which Rosas denies, were caused in whole or in part by Plaintiffs and/or third parties.

5.      Estoppel in all of its forms. Plaintiff's actions or inactions led Rosas to reasonably believe that the foreclosure would not be pursued, and as a result, Rosas acted to her detriment based on that belief.

6.      Waiver. Plaintiff has taken action inconsistent with its claim of the right to foreclose.

7.      Payment. Payments Rosas made have not been properly credited.

8.      Statute of limitations.  More than four years has passed since an acceleration of the subject loan without foreclosure.

9.      Lack of standing.  Plaintiff lacks standing to enforce the subject loan documents.

10.     Mistake. There was a significant mistake involved in the origination and management of the subject loan.

11.     Fraud. There was a significant fraud involved in the origination and management of the subject loan.

12.    The subject loan does not meet the strict criteria set forth for home equity loans under Article 16, Section 50(a)(6) of the Texas Constitution.

### III. Counterclaims

**A.    DECLARATORY JUDGMENT RELATED TO TEXAS CONSTITUTION, ART. XVI, §50(a)(6)**

1.    The following lettered allegations[2] have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery:

a.  The Loan exceeded 80% of fair market value on date of closing, (50(a)(6)(B));
b.  Closing fees exceeded 3% of the Loan's principal, (50(a)(6)(E));
c.  The Loan has a pre-payment penalty, (50(a)(6)(G));
d.  The Loan is a contract for a right of offset against escrow funds, (7 Tex. Admin. Code § 153.5(14));
e.  The Loan is not the only debt secured by the Property and the other secured debt is not a 50(a)(1-5, 8) loan, (50(a)(6)(K));
f.  The Loan's Payment schedule does not call for each payment to equal or exceed the amount of accrued interest as of the date of payment, (50(a)(6)(L)(i));
g.  The Loan's closing was not at least 12 days after the loan application, 50(a)(6)(M)(i));
h.  The Loan's closing was not at least 12 days after the disclosure required by 50(g), (50(a)(6)(M)(i));
i.  The Loan's closing was not at least 1 day after disclosure of fees, points, interest, costs, and charges, (50(a)(6)(M)(ii));
j.  The Loan's closing was before the 1st anniversary of a prior home equity loan secured by the Property and the prior home equity loan was not a refinance described by 50(a)(6)(Q)(x)(f), (50(a)(6)(M)(iii));
k.  The Loan's closing did not take place at lender's office, title company, or attorney's office, (50(a)(6)(N));
l.  The Loan did not comply with fixed or variable rates allowed by other statutes, (50(a)(6)(O));
m.  Proceeds of Loan were required to pay another debt which was not a prior valid lien on Property or debt owed to another lender, (50(a)(6)(Q)(i));
n.  Rosas signed closing documents in which blanks are left to me filled in, (50(a)(6)(Q)(iii));
o.  Rosas signed a confession of judgment or power of attorney to lender or third person to appear for owner in a judicial proceeding, (50(a)(6)(Q)(iv));

---

[2] All section references refer to the operative version of Texas Constitution, art. XVI.

p.  On the closing date, Rosas was not provided with the final loan application, (50(a)(6)(Q)(v));

q.  On the closing date, Rosas was not provided with copies of all closing documents, (50(a)(6)(Q)(v));

r.  The Loan did not provide that after full payment, the lender must cancel and return promissory note, (50(a)(6)(Q)(vii));

s.  The Loan did not provide that after full payment, the lender must produce release of lien in recordable form or a copy of an endorsement and assignment of the lien to a lender that is refinancing the extension of credit; (50(a)(6)(Q)(vii));

t.  Rosas did not have the right to rescind within 3 days of closing with no penalty, (50(a)(6)(Q)(viii));

u.  Rosas did not sign an acknowledgment of fair market value on the date of closing, (50(a)(6)(Q)(ix));

v.  Rosas was not provided with the disclosure in a separate written instrument as provided by 50(g);

w.  The refinance of a prior 50(a)(6) loan did not comply with 50(a)(6), (50(f)).

2.      Rosas requests a declaration that (a) declares that the Loan is not compliant with the requirements of the Texas Constitution, art. XVI, section 50(a); (b) that violations of the Texas Constitution, art. XVI, section 50(a) are uncured causing the Loan to be void; (c) only to the extent the Plaintiff has the ability to cure, declares that the Plaintiff's time to cure violation of the Texas Constitution, art. XVI, section 50(a) has lapsed; and (d) declares in Rosas's favor all other matters necessary to completely resolve Rosas and Plaintiff's rights, status, and legal relations in general under the Loan, Loan assignments, and Texas law.

3.      To the extent it even applies, Rosas pleads the discovery rule which tolls the Texas statute of limitations applicable to this claim. Although Rosas exercised reasonable diligence in attempting to discover Constitutional violations, Rosas's legal injury was inherently un-discoverable due to the Plaintiff's conduct, and application of the discovery rule would not disserve public policy.

4.      Rosas further pleads that this claim is not subject to any limitations period since it is a defensive counterclaim to the Plaintiff's claims, and the counterclaim savings statute applies.

**B.    QUIET TITLE**

5.      Rosas has an interest in the Property because it is the current legal owner of the Property with the right to possess and control the Property.

6.      Plaintiff claims a monetary and security interest in the Property by virtue of the Loan and Loan assignments.

7.      The interests Plaintiff claims in the Property, while they may be valid on their face, are actually void and unenforceable due to non-compliance with the Texas Constitution.

8.      To the extent it even applies, Rosas pleads the discovery rule which tolls the Texas statute of limitations applicable to this claim. Although Rosas exercised reasonable diligence in attempting to discover Constitutional violations, Rosas's legal injury was inherently un-discoverable due to the Plaintiff's conduct, and application of the discovery rule would not disserve public policy.

9.      Rosas further pleads that this claim is not subject to any limitations period since it is a defensive counterclaim to the Plaintiff's claims, and the counterclaim savings statute applies.

**C.    BREACH OF CONTRACT**

10.     This case features a home equity loan. Rosas and Plaintiff are the parties to the Loan contract.

11.     The Plaintiff must comply with the Texas Constitution, art. XVI, §50(a)(6)(Q)(x)

by effecting a timely cure for any and all alleged violations of which the Plaintiff was noticed when served with this pleading. The Plaintiff must make the cure(s) within 60 days after service of this pleading on Plaintiff.

12.    The loan documents state the Plaintiff's intention to obtain a lien as provided for by Section 50(a)(6), Article XVI, Texas Constitution, in Rosas's homestead property.

13.    The loan documents state the Plaintiff's promise to comply with the applicable rules of civil procedure promulgated by the Texas Supreme Court for expedited foreclosure proceedings and other remedies available for loans made pursuant to the authority of Section 50(a)(6), Article XVI of the Texas Constitution.

14.    The loan document state Plaintiff's promise, per Article XVI, Section 50(a)(6)(Q)(x) of the Texas Constitution, to correct a failure to comply with the Plaintiff's or holder's obligations under the extension of credit, ensuring adherence to constitutional requirements for the opportunity to cure defaults.

15.    The loan documents state that no provision of the loan documents will require or permit any action which would be prohibited by Section 50(a)(6), Article XVI, Texas Constitution. This clause is meant to ensure Plaintiff's full compliance with the constitutional limits on fees, charges, and actions related to the extension of credit for home equity loans.

16.    Plaintiff, or their predecessors in interest, violated the Texas Constitution, as specified above, causing liquidated damages to Rosas as allowed under the loan documents and Tex. Const. art. XVI, §50(a)(6)(Q)(xi).

17.    Rosas pleads the discovery rule which tolls the Texas statute of limitations

applicable to this claim. Although Rosas exercised reasonable diligence in attempting to discover Constitutional violations that also amount to breaches of contract, Rosas's legal injury was inherently un-discoverable due to the Plaintiff's conduct, and application of the discovery rule would not disserve public policy.

18.     Rosas further pleads that this claim is not subject to any limitations period since it is a defensive counterclaim to the Plaintiff's claims, and the counterclaim savings statute applies.

## IV. <u>Request for Relief</u>

WHEREFORE, Defendant Irene Rosas respectfully requests that Plaintiff take nothing by way of their complaint. By way of her counterclaims, Rosas requests:

- Judgment in favor of Rosas on all counts;

- General and Economic Liquidated Damages as allowed by the Loan and the Texas Constitution;

- An award of reasonable attorney's fees and costs under Tex. Civ. Prac. and Rem. Code §38.001, et seq.;

- Pre-judgment and post judgment interest on such monetary relief;

- For declaratory relief, as more specifically requested above;

- For quiet title;

- Rosas pleads for such further relief as Rosas may show herself justly entitled.

<u>TRIAL BY JURY</u>. Rosas demands a trial by jury on all claims and defenses.

Respectfully submitted,

**JEFFREY JACKSON & ASSOCIATES, PLLC**

*/s/    Jeffrey C. Jackson*
**JEFFREY C. JACKSON**
Texas State Bar No. 24065485
S.D. Tex. Federal Admission No. 1024221
2500 E. TC Jester Boulevard, Suite 285
Houston, Texas 77008
713-861-8833 (T)
713-682-8866 (F)
jeff@jjacksonllp.com
ATTORNEY FOR IRENE ROSAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via Certified Mail, Return Receipt Requested, Facsimile and/or the Court's CM/ECF system on February 19, 2024.

**MARK D. CRONENWETT**
mcronenwett@mwzmlaw.com
**NICHOLAS M. FRAME**
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
ATTORNEYS FOR PLAINTIFF

*/s/    Jeffrey C. Jackson*
**JEFFREY C. JACKSON**