IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION § | |
| § | |
|    Plaintiff/Counter-Defendant § | |
| § | |
| v. § | Civil Action No. 4:24-cv-229 |
| § | |
| IRENE M. ROSAS, § | |
| § | |
|    Defendant/Counter-Plaintiff § | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff/Counter-Defendant PHH Mortgage Corporation ("Plaintiff" or "PHH"), hereby files this its *Answer to Defendant's Counterclaim* and respectfully shows the Court as follows:

### I.
### SPECIFIC ADMISSIONS AND DENIALS

**A. Declaratory Judgment related to Texas Constitution Art. XVI §50(a)(6)**

1. Plaintiff denies the statements and allegations in Paragraph 1 and demands strict proof thereof.

2. Plaintiff is not required to admit or deny the relief requested in Paragraph 2 of the Counterclaim. To the extent Plaintiff is required to admit or deny Paragraph 2, Plaintiff accordingly denies the relief requested by Defendant.

3. In response to paragraph 3, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

4. In response to paragraph 4, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

## B. Quiet Title

5.      In response to paragraph 5, Plaintiff admits that Defendant has an interest in the Property but denies the remaining allegations in paragraph 5 all allegations and demands strict proof thereof.

6.      In response to paragraph 6, Plaintiff agrees that it holds a security interest in the Subject Property.

7.      Plaintiff denies the statements and allegations in Paragraph 7 and demands strict proof thereof.

8.      In response to paragraph 8, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

9.      In response to paragraph 9, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

10.     Plaintiff admits the statements and allegations in paragraph 10.

11.     In response to paragraph 11, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

12.     In response to paragraph 12, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

13. In response to paragraph 13, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

14. In response to paragraph 14, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

15. In response to paragraph 15, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

16. Plaintiff denies the statements and allegations in paragraph 16 and demands strict proof thereof.

17. In response to paragraph 17, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

18. In response to paragraph 18, Plaintiff states the allegations constitute nothing more than argument and/or conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

19. Plaintiff denies the statements and allegations in the Prayer and denies that Defendant is entitled to the relief requested in the Prayer.

## DEFENSES

Plaintiff asserts the following affirmative defenses:

1. Plaintiff denies that all conditions precedent to a right of recovery have been satisfied.

2. Defendant's claims are barred or any failure to perform is excused by the doctrines of affirmation, ratification, and waiver.

3. Defendant's claims are barred or any failure to perform by Plaintiff is excused by the waiver provisions contained in the security instrument at issue in this lawsuit.

4. Defendant's claims are barred by the election of rights doctrine.

5. Plaintiff claims all offsets and credits available to it.

6. Defendant's claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

7. Defendant lacks clean hands to bring an action in equity.

8. Defendant's claims must fail due to the failure to properly tender amount(s) admittedly owed under the subject promissory note.

9. Some or all of Defendant's claims are barred by the doctrine of laches..

10. Defendant's claims are barred by the doctrine of prior material breach.

11. Defendant has failed to state a claim upon which relief may be granted.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant takes nothing on their claims against it; Plaintiff recover its attorneys' fees and costs against Defendant; and the Court award such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission # 21340
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
Texas Bar No. 24093448
Southern District Admission # 3121681
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2024, a true and correct copy of the foregoing was served via ECF service on the following counsel:

Jeffrey C. Jackson
2500 E. TC Jester Blvd. Ste 285
Houston, Texas 77008
713-861 8833 (T)
713-682-8866
jeff@jacksonllp.com
*Attorney for Defendants*

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**