UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION § <br> § <br> Plaintiff/Counter-Defendant, § <br> § <br> § <br> v. § <br> § <br> IRENE M. ROSAS, § <br> § <br> § <br> Defendant/Counter-Plaintiff. § | Civil Action No. 4:24-cv-229 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) OF FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties conducted a Rule 26(f) conference on April 10, 2024. Defendant Irene M. Rosas ("Defendant") was represented by Breayne J. Bennett.

   Plaintiff PHH Mortgage Corporation ("Plaintiff"), was represented by Nicholas M. Frame.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. <u>**Briefly**</u> **describe what this case is about.**

   This is a foreclosure case. The Property at issue is located at 4405 Harby Street, Houston, Texas 77023. The Property is currently encumbered by a mortgage lien under a Deed of Trust filed in Harris County Real Property Records under document no. 20110165143. Defendant's Original Answer and Counterclaims challenge the Loans compliance with the Texas Constitution, the validity of the deed of trust, and seeks to quiet title to the Property in favor of Defendant.

   Plaintiff has denied Defendant's claims both factually and legally.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff filed the lawsuit in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a).

5.  **Name the parties who disagree and the reasons.**

    n/a

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    The parties do not anticipate any additional parties being named.

7.  **List anticipated interventions.**

    There are no anticipated interventions at this time.

8.  **Describe class-action issues.**

    There are no class action issues at this time.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have exchanged initial disclosures.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

    **26(f)(3)(A):** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

    The parties do not request any changes to the form or requirement for disclosure under Rule 26(a).

    **26(f)(3)(B):** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

    Discovery, if necessary, will be needed as to matters relevant to all issues presented in this suit. There is no need to conduct discovery in phases.

    **26(f)(3)(C):** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

    Any disclosure or discovery of electronic files should be produced in printed form or PDF. All parties wish to serve discovery requests and responses exclusively by email.

    **26(f)(3)(D):** any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after

production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The need to resolve issues of privilege is not anticipated. If any claims of privilege arise, they should be asserted during the course of production.

**26(f)(3)(E):** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

There should be no changes to the limitations on discovery under either the federal or local rules.

**26(f)(3)(F):** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

It is not anticipated any orders under Rule 26(c) or 16(b) or (c) should be issued at this time.

**B.    When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates it may send interrogatories to Defendant or any other interested party before the end of the discovery period, proposed to be December 6, 2024. Plaintiff reserves the right to amend before the close of discovery.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates they may send interrogatories to Plaintiff within 60 days.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff may take the deposition of Defendant and any fact witnesses before the discovery cut-off date.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking depositions of corporate representatives of Plaintiff and any fact witnesses before the discovery cut-off date.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties do not, at this time, anticipate designating any experts besides experts on attorney's fees. The parties agree to submit all attorney's fee issues to the court after liability and damages are resolved.

    **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff will depose any of Defendant's experts on any issues, if any, before the discovery deadline set by the Court.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).**

Defendant will depose any of Plaintiff's experts on any issues, if any, before the discovery deadline set by the Court.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

n/a

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.**    **State the date the planned discovery can reasonably be completed.**

The parties believe discovery can reasonably be completed by December 6, 2024.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have engaged in and continue to engage in settlement negotiations to reach a mutually satisfactory resolution of this matter.

**15.**    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to continue engaging in settlement negotiations and will make every effort to reach a mutually satisfactory resolution of this matter.

**16.**    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

If the Court believes that it is in the best interest of the Parties, Plaintiff would consent to mediation in an effort to settle this matter.

Defendant believes that mediation may be suitable after the parties have had a reasonable time to conduct discovery and after all informal settlement discussions have concluded.

**17.    Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**18.    State whether a jury demand has been made and if it was made on time.**

n/a

**19.    Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates that it will take it approximately 4-6 hours to present evidence. Defendant anticipates that it will take them approximately 4-6 hours to present evidence.

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.    List other motions pending.**

None.

**22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.** List the names, bar numbers, addresses, and telephone numbers of all counsel.

| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
|---|---|
| MARK D. CRONENWETT<br>Attorney-in-Charge<br>Texas Bar No. 00787303<br>Southern District Admission #21340<br>mcronenwett@mwzmlaw.com<br>NICHOLAS M. FRAME<br>Texas Bar No. 24093448<br>S.D. Texas Bar No. #3121681<br>nframe@mwzmlaw.com<br>MACKIE WOLF ZIENTZ & MANN, PC<br>14160 North Dallas Parkway, Ste. 900<br>Dallas, Texas 75254<br>Telephone: (214) 635-2650<br>Facsimile: (214) 635-2686 | JEFFREY C. JACKSON<br>*Attorney-in-Charge*<br>jeff@jjacksonpllc.com<br>State Bar No. 24065485<br>Southern District No. 1024221<br>BREAYNE J. BENNETT<br>danny@jjacksonpllc.com<br>State Bar No. 24111049<br>Southern District No. 3873331<br>**JEFFREY JACKSON & ASSOCIATES, PLLC**<br>2500 E TC Jester Blvd., Suite 285<br>Houston, Texas 77008<br>Telephone: (713) 861-8833<br>Facsimile: (713) 682-8866 |

*/s/Nicholas M. Frame*
Counsel for Plaintiff

*/s/Breayne J. Bennett*
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 10th day of April, 2024, to the following:

Mark D. Cronenwett
mcronenwett@mwzmlaw.com
Nicholas M. Frame
nframe@mwzmlaw.com
MACKIE WOLF ZIENTZ & MANN, PC
14160 North Dallas Parkway, Ste. 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
*Counsel for Plaintiffs*

/s/*Breayne J. Bennett*
**Breayne J. Bennett**